```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

DONDRICKA T. BATES,

        Petitioner,

vs.                                  Case No. 3:11-cv-1183-J-37TEM

SECRETARY, DOC, et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner filed an Emergency Petition for Writ of Error *Coram Nobis,* and for an Emergency Hearing Thereon [Bec]ause Petitioner is Entitled to Immediate Release from Detention (Doc. #1) (hereinafter Petition), and it was docketed as a petition for writ of *coram nobis*. In his Memorandum in Support of Writ of Error *Coram Nobis* (Doc. #3), he explains that he is asking "for immediate suspension of his state sentence, which if granted would entitle him to immediate release from Florida's custody to the U.S. Marshal so that he may begin service on his pending federal sentence which by default has expired." Id. at 1. He seeks habeas relief pursuant to 28 U.S.C. § 1651(a), the "All Writs Act." Id. He asserts that his guilty plea before the state trial judge was made in exchange for an agreement that he would receive concurrent sentences, and that agreement has not been met. Petition at 3-4.

Petitioner is currently in the custody of the Florida Department of Corrections and is serving a five-year state sentence

for conspiracy to traffic in drugs.[1]  Simply labeling the Petition a writ of error *coram nobis* will not, however, help Petitioner avoid the requirements of 28 U.S.C. § 2254.  As noted in <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1058 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1032 (2004), "[a]fter reviewing the relevant history, it is evident that there are two distinct means of securing post-conviction relief in the federal courts:  an application for a writ of habeas corpus (governed by inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)."  This case, of course, is not a challenge to a federal prisoner's sentence; therefore, § 2255 is inapplicable.  Thus, this case is governed by both § 2241 and § 2254.

> The difference between the statutes lies in the breadth of the situations to which they apply.  Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:
>
> . . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or . . . .
>
> 28 U.S.C. § 2241(c).  **Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies – it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).**

---

[1] <u>See</u> http://www.dc.state.fl.us/ActiveInmates/detail.asp.

Medberry, 351 F.3d at 1059 (emphasis added).

"Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply." Medberry, 351 F.3d at 1060.  Indeed, 28 U.S.C. § 2244(d)(1) states that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Thus, Petitioner's habeas petition "is subject both to § 2241 and to § 2254, with its attendant restrictions[,]" Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005), including the one-year period of limitation.

Here, of course, Petitioner is challenging a state court conviction.  Apparently, he is also attempting to rely on the Great Writ to challenge his conviction.  "Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner, and it applies restrictions on granting the Great Writ to certain state prisoners-*i.e.*, those who are 'in custody pursuant to the judgment of a State court.'" Medberry, 351 F.3d at 1059-60.  Thus, there is "a limitation on the preexisting authority under §2241(c)(3) to grant the writ of habeas corpus to state prisoners."  Id. at 1060.

Circuit precedent reveals:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs

>of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ-to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. **That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.** If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, *e.g.*, a pre-trial bond order, then his petition is not subject to § 2254.

Id. at 1062 (emphasis added). There is no question that Petitioner is a state prisoner in custody pursuant to the judgment of a state court. It follows his petition for writ of habeas corpus is subject to 28 U.S.C. § 2254.

If Petitioner is attempting to raise his claims pursuant to the All Writs Act, 28 U.S.C. § 1651,

>The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts [sic] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. Accordingly, common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fills

> [sic] gaps in the system of federal post-conviction remedies. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of *audita querala* may not be granted when relief is cognizable under § 2255"). Moreover, the Act does not create any substantive federal jurisdiction; "rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction." In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).

Morales v. Florida Dep't of Corr., 346 Fed.Appx. 539, 540 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter), cert. denied, 2010 WL 2262533 (U.S. Oct. 4, 2010)(No. 09-11194). Because Petitioner has an adequate statutory remedy for attacking his conviction pursuant to 28 U.S.C. § 2254, he may not raise his claims pursuant to the All Writs Act.

Simply, Petitioner must meet the exhaustion requirements of 28 U.S.C. § 2254.  Apparently, he has not exhausted his state court remedies as he states that he currently has a Rule 3.850 motion pending in the state circuit court challenging his state conviction and sentence.  Petition at 4.  Until his proceedings in state court are final (including any appeals), Petitioner cannot file a habeas petition in federal court.  Thus, this case will be dismissed without prejudice.  In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on

Petitioner's claims. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254 (b)(1)(A).

If Petitioner is attempting to challenge his federal conviction and sentence, such relief should be sought pursuant to 28 U.S.C. § 2255 or by seeking relief in the federal criminal case. See Case No. 3:99-cr-245-J-25TEM.[2]

Accordingly, it is now

**ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing the case without prejudice and close this case.

3. The Clerk of the Court shall provide Petitioner with the appropriate habeas corpus petition form and an affidavit of indigency. If Petitioner elects to file a federal habeas corpus petition after exhausting state court remedies, he should not place

---

[2] The Court will not address the question as to whether Petitioner has timely sought post-conviction remedies with regard to his federal criminal conviction and sentence.

this case number on the form.  A new case number will be assigned by the Clerk of the Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December, 2011.

                                                                  _____
                                                                   ROY B. DALTON JR.
                                                                   United States District Judge

sa 11/30
c:
Dondricka T. Bates